**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRANCIS ALEXANDER NIEVES CORDERO<br>Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, U.S. DEPARTMENT OF JUSTICE, U.S. GOVERNMENT, the Attorney General Hon. Merrick Garland In his Official Capacity, Angel Adan, Warden, Metropolitan Detention Center, Guaynabo, Puerto Rico in his official and personal capacity; Jose Hernandez, Lieutenant, Metropolitan Detention Center, Guaynabo, Puerto Rico in his official and personal capacity; INSURANCE COMPANIES X, Y, Z Defendants | Civil No. 22-1553<br><br>28 U.S.C. § 1331 and 1367<br>Title VII and 42 USC § 1983, 1985<br>DISABILITY DISCRIMINATION (REHABILITATION ACT OF 1973); SEEKING INJUNCTIVE RELIEF AND DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now, plaintiff Francis Nieves-Cordero, "Nieves" or "plaintiff" through his undersigned attorney and respectfully states, alleges and prays:

**NATURE OF THE ACTION**

This is a civil action for damages and other relief against Defendant Hon. Merrick Garland, Attorney General, under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., and under section 504, 29 U.S.C. § 794, in particular, for the intentional adverse and discriminatory employment actions to which plaintiff was subjected by defendants.

Plaintiff's civil rights (under 42 of the United States Code, Section 1983, Civil Rights Act 1964), and other rights under other state and federal labor laws were violated by co-defendants, whose actions or acts were under color of law. It is a claim for Malicious

1

Prosecution against the individual in their personal capacity.

Plaintiff requests declaratory relief concerning the illegality of defendants' actions against plaintiff in the context of his employment, compensation for plaintiff's suffering, emotional distress, and moral damages, loss of wages (including back pay), costs, interest, and reasonable attorney's fees.

## JURISDICTION AND VENUE

This Honorable Court has subject-matter jurisdiction to entertain the instant case pursuant to 28 U.S.C. Sec.1331.

This Court also has jurisdiction pursuant to 28 U.S.C. Sec 1332, to entertain plaintiff's state causes of action alleged herein, as the matters in controversy therein exceed the amount of $75,000.00, exclusive of interest and costs, and are between citizens of different states.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

Declaratory, injunctive, legal and equitable relief is sought pursuant to 28 U.S.C. 2201 and 2201, in connection with plaintiff's claims.

All conditions precedent to jurisdiction under 28 U.S.C. Sec. 626(e) have been complied with, specifically, a timely charge of employment discrimination (Charge No. 4B-006-0022-20) on the basis of disability and age was filed before the Equal Employment Opportunity Commission ("EEOC"), and on August 24, 2020, the EEOC issued a " Final Agency Decision" which was mailed to the Plaintiff and received by her on August 28, 2020 and by the undersigned attorney on August 31, 2020. This action is filed within the ninety (90) days from receipt of the aforesaid EEOC notice.

Venue in the Federal Court for the District of Puerto Rico is proper because a substantial part of the events or omissions giving rise to the claim occurred in Puerto Rico. Plaintiff hereby demands trial by jury.

## THE PARTIES

### A. PLAINTIFF

1. Plaintiff is a citizen of the United States and resident of 805 Calle La Monte, Isabela, Puerto Rico, 00662.

2. He was born on 7/17/1986 and is currently 36 years old.

### B. DEFENDANT

3. Hon. Merrick Garland is the United Sates Attorney General and is sued in his official capacity as such.

4. Angel Adan, ("Adan") at the time of the facts of the complaint, was the Warden of the Metropolitan Detention Center, Guaynabo, Puerto Rico and is sued in his official and personal capacity.

5. Lieutenant Jose Hernandez, ("Hernandez") at the time of the facts of the complaint was a Lieutenant at the Metropolitan Detention Center, Guaynabo, Puerto Rico and is sued in his official and personal capacity.

6. Co-defendants Insurance Companies X, Y, Z are insurance carriers duly organized or operating under the laws of Puerto Rico, which at all relevant times alleged herein, had in full force and effect one or more insurance policies, including employer's practice liability insurance, covering the legal liability of the US Postal Service.

## **FACTS**

7. Plaintiff was employed by the Bureau of Prisons on September 18, 2016.

8. From that moment on, he held the position of Senior Correctional Officer, GL-07, at the Metropolitan Detention Center Guaynabo ("MDC Guaynabo") in Guaynabo, Puerto Rico.

9. On September 28, 2020, while on duty, plaintiff injured his right knee due to a use of force he had to perform on an inmate who attacked him in a housing unit.

10. Plaintiff suffered a torn ligament in his knee, and it took him forty-five days to recover from that incident.

11. Upon his return to work following his injury, plaintiff was placed on reasonable accommodation.

12. Plaintiff was on reasonable accommodation from November 15, 2020, until the last week of January 2021 and reported to his regular post on February 1, 2021.

13. His duties during that time were, among others, taking the temperature of MDC employees for COVID protocol.

14. Plaintiff also suffers from Post-Traumatic Stress Disorder ("PTSD"),

15. Plaintiff had filed a prior EEO complaint (case number BOP-2018-00807) against the current administration at MDC Guaynabo on June, 2018 regarding the release of his medical information.

16. The case went through the Alternative Dispute Resolution ("ADR") process and plaintiff agreed to not further pursue the matter when the administration agreed to perform training.

17. Codefendant Adan was involved in this prior EEO complaint.

18. In April 2021, plaintiff received his yearly evaluation for the period of April 2020 through March 2021.

19. Codefendant Lt. Hernandez was the rater for plaintiff's evaluation.

20. Codefendant Lt. Hernandez gave plaintiff an overall yearly evaluation rating of "Exceeds", which was lower than his prior yearly evaluation rating of "Outstanding", although plaintiff's performance had been the same or even better than pre previous year.

21. On March 25, 2021, plaintiff emailed codefendant Lt. Hernandez to discuss his evaluation.

22. It was not until April 15, 2021, that Hernandez met with plaintiff to discuss the evaluation.

23. On the meeting, Lt. Hernandez approached plaintiff with a hostile attitude and told him that he lowered his evaluation and why would he expect a better evaluation because he had taken a forty-five days off for OWCP and then was placed on reasonable accommodation for months doing nothing.

24. Codefendants could not take into consideration the mere placement of plaintiff on a reasonable accommodation to lower his evaluation. This is clearly a discriminatory act because of plaintiff's disability.

25. Nonetheless, plaintiff did not perform at a lower level in his reasonable accommodation, and he was never mentioned during this time that he was performing at a lower level nor was told of any deficiencies in his performance.

26. During that time, Acting Captain Josean Nieves even told plaintiff to "take it easier" (cógelo suave) because he did not want him to get injured.

27. When plaintiff reached out to Capt. Santana and Warden Adan regarding his concerns about his evaluation and claimed the lower evaluation was an act of discrimination, codefendant Warden Adan reluctantly increased it to an Outstanding rating. This confirms that the evaluation had been unduly lowered by Hernandez.

28. In August 2021, plaintiff applied for the Crisis Support Team, which is a specialized team that gets activated when an event happens that can disturb the functions of the institution. This is a collateral duty and has the effect of increasing plaintiff´s income.

29. On September 22, 2021, plaintiff received an email from Adan with a copy of the application stating that his request for the position had been denied. Codefendant Adan as the Selecting Official for the position.

30. Plaintiff fully qualified for the collateral duty because he has military experience, all necessary training, and all FEMA courses.

31. Codefendant Adan was aware of plaintiff´s prior disability because took part in the process of granting him the reasonable accommodation.

32. Adan´s motive for not selecting plaintiff was due to his prior disability and as a retaliation for his prior EEO activity involving Adan.

33. Adan has made comments and firmly believes that "if you do not belong to the team, you are nobody". Since plaintiff had filed an EEO complaint against Adan, he "did not belong to the team."

34. Plaintiff's lower evaluation and non-selection for collateral duty are **adverse**

**employment actions within the scope of the Rehabilitation Act, as well as a clear acts of retaliation.**

35. Plaintiff has never violated any procedures and defendant has no disciplinary procedures against him.

36. Plaintiff has an unblemished personnel record, his job performance is exemplary, and never was the subject of unsatisfactory reports or negative evaluations from any of his immediate supervisors.

37. Defendant's actions have been a pretext to discriminate against plaintiff because of disability, and in retaliation for requesting reasonable accommodation and for filing an EEO complaint.

38. Because of defendants' actions, on September 23, 2021, while on duty, plaintiff suffered a nervous breakdown.

39. He proceeded to call Lt. Hernandez to inform him of what was happening. All his efforts were unsuccessful.

40. As a consequence of this, plaintiff and has been out of his position from September 24, 2021.

41. Plaintiff has suffered damages, as well as intense emotional pain and suffering from defendant's negligent and/or willful actions.

42. A timely charge of employment discrimination based on disability was filed the at the ("EEOC") by Plaintiff.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination – Retaliation)**

43. Plaintiff hereby reiterates and reaffirm all previous statements and allegations.

44. The Rehabilitation Act prohibits discrimination and retaliation against an individual.

45. Defendant discriminated and against plaintiff because of his disability in violation of the Rehabilitation Act.

46. The referred adverse actions and retaliatory conduct by defendants, all proximately related sequentially in time, constitute disability discrimination, and makes them liable for the remedies and damages afforded to plaintiff under the Rehabilitation Act's retaliation provision, including compensatory and punitive damages, in a sum not less than One Million Dollars ($1,00,000.00).

47. Plaintiff has lost wages in the sum of not less than $70,000.00

## SECOND CAUSE OF ACTION
## (DAMAGES)

48. Plaintiff hereby reiterates and reaffirm all previous statements and allegations.

49. The Puerto Rico Civil Code provides a cause of action for the damages caused by the negligent and/or willful acts against a person.

50. Codefendants Adan and Hernandez acted negligently and/or willfully against plaintiff.

51. Plaintiff has suffered damages, as well as intense emotional pain and suffering from codefendants' negligent and/or willful actions.

52. Plaintiff's damages are estimated in no less than $250,000.00 against each of the codefendants.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully request from this Honorable Court to issue the following relief against Defendant:

    A.  That the Court provide the Plaintiff with a jury trial;

B. That judgment be entered in favor of the Plaintiff and against the Defendants;

C. Damages afforded to plaintiff under the Rehabilitation Act, including compensatory damages, in a sum not less than One Million Dollars ($1,000,000.00).

D. Damages afforded to plaintiff under the Rehabilitation Act's retaliation provision, including compensatory damages, in a sum not less than One Million Thousand Dollars ($1,000,000.00).

E. Lost wages in an amount no less than $70,000.00.

F. Damages against codefendants Adan and Hernandez for no less than $250,000.00 against each.

G. That the Court award the Plaintiff reasonable attorney's fees and costs and interest; and

H. That the Court award such other financial or equitable relief as is reasonable and just.

**RESPECTFULLY SUBMITTED**.

In Caguas, Puerto Rico, this November 22, 2022.

**RESPECTFULLY SUBMITTED**.

I HEREBY CERTIFY: that a copy of the preceding motion has been notified to defendants' attorney of record, through the ECF system.

*s/Fredeswin Pérez-Caballero*
**Fredeswin Pérez-Caballero**
P.O. Box 723
Caguas, Puerto Rico 00726-0723
Telephone:   787-239-7226
USDC-PR 217803
e-mail: fpclaw@gmail.com