IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCIS A. NIEVES CORDERO,

   **Plaintiff,**

       v.

BUREAU OF PRISONS, *et al.*,

   **Defendants.**

CIVIL NO. 22-1553 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

     On November 22, 2022, Plaintiff filed a Complaint alleging disability discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 794, and damages under the Puerto Rico Civil Code. Docket No. 1. Pending before the Court is the Motion to Dismiss filed by the Attorney General of the United States of America ("Defendant"), Docket No. 19, and Plaintiff Francis Alexander Nieves-Cordero's ("Plaintiff") Opposition, Docket No. 24. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

     A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ.

**CIVIL NO.** 22-1553 (JAG)                                                                 2

P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.[1]

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citation omitted). Even taking plaintiff's well-pled allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific

---

[1] "Ordinarily . . . any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (cleaned up).

**CIVIL NO.** 22-1553 (JAG)                                                                                              3

information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

## ANALYSIS

### I. Discrimination under the Rehabilitation Act

Section 504 of the Rehabilitation Act prohibits organizations that receive federal funds from discriminating against individuals with disabilities. 29 U.S.C. § 794(a). Discrimination claims under the Rehabilitation Act are determined under the standards set forth in the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 791(f), 794(d). Plaintiff claims that Defendants violated the Rehabilitation Act by discriminating against him in two ways: (1) giving him a lower score on one yearly performance evaluation and (2) failing to select him for a collateral duty position. Docket No. 1, ¶¶ 20, 23-24, 27-29, 32, 34.

A plaintiff claiming discrimination under the Rehabilitation Act must show "1) [he] was disabled within the meaning of the statute; 2) [he] was qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and 3) the [employer] took adverse action against [him] because of the disability." *Rivera-Velazquez v. Regan*, 102 F.4th 1, 9 (1st Cir. 2024) (citations omitted). A plaintiff may demonstrate a disability by showing (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual," (2) "a record of such an impairment," or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). A Plaintiff must sufficiently plead "(1) that he or she suffers a physical or mental impairment; (2) that the 'life activity' limited by the impairment qualifies as 'major;' and (3) that the limit imposed on the plaintiff's major life activity is substantial." *Rolland v. Potter*, 492 F.3d 45, 48 (1st Cir. 2007) (citation omitted).

**CIVIL NO.** 22-1553 (JAG)                                                                                                      4

Plaintiff claims he is a qualified person with a disability because he "suffered a torn ligament in his knee, and it took him forty-five days to recover from that incident." Docket No. 1, ¶ 10; *see also* Docket No. 24 at 5. Having a diagnosed medical condition or requesting accommodation is not synonymous with having a disability within the meaning of the Rehabilitation Act. *See Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 185, 187 (1st Cir. 2011) ("Evidence of a medical diagnosis of impairment, standing alone, is insufficient to prove a disability. What is required is evidence showing that the impairment limits this particular plaintiff to a substantial extent.") (citations omitted).

While Plaintiff alleges that he suffered an injury that constitutes a temporary impairment, he does not identify a major life activity that was substantially limited by his injury. As Plaintiff recognizes in his Opposition, the "low standard for surviving motions to dismiss is consistent with the ADA's purpose of broad coverage" and Congress intended a new broad standard. Docket No. 24 at 9. Nevertheless, "[a] relatively low bar [] is not the same as no bar at all." *Mancini v. City of Providence by & through Lombardi*, 909 F.3d 32, 44 (1st Cir. 2018). To survive the motion to dismiss stage, Plaintiff had to make sufficient factual allegations regarding each element necessary to recover under the causes of actions asserted. The Complaint is devoid of any mention that Plaintiff's injury substantially limited a major life activity. *Id.* ("[A] plaintiff must give a court some facts with which to work. It does not suffice merely to allege in a wholly conclusory fashion, without any further details or supporting documentation, that an impairment substantially limits one's major life activities.").

Even assuming *arguendo* that Plaintiff was disabled for purposes of the Rehabilitation Act, Plaintiff has failed to sufficiently allege that he suffered an adverse employment action that was causally related to his injury. "Determining whether an action is materially adverse necessarily

**CIVIL NO.** 22-1553 (JAG)                                                                 5

requires a case-by-case inquiry." *Blackie v. Maine*, 75 F.3d 716, 725 (1st Cir. 1996) (citations omitted). "An adverse employment action is one that affect[s] employment or alter[s] the conditions of the workplace. The test for whether an employment action is adverse is whether it materially change[s] the conditions of plaintiffs employ." *Burns v. Johnson*, 829 F.3d 1, 10 (1st Cir. 2016) (cleaned up). "The change must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* "[D]emotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees may constitute adverse employment action, subject to the facts of a particular case." *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 37 (1st Cir. 2011) (cleaned up). Notably, "the inquiry must be cast in objective terms. [Workplaces] are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." *Blackie*, 75 F.3d at 725

      Plaintiff claims that receiving an evaluation of "Exceeds" instead of "Outstanding" is an adverse employment action within the scope of the Rehabilitation Act. Docket No. 1, ¶ 34. The Court disagrees. Plaintiff received a positive evaluation of "Exceeds," which was later raised to "Outstanding." *Id.* ¶ 27. He did not even receive a negative evaluation and the evaluation did not affect the conditions of his employment. Thus, the evaluation, which was later amended to "Outstanding," does not constitute an adverse employment action within the scope of the Rehabilitation Act.

      Plaintiff also claims that not being selected for the Crisis Support Team constitutes an adverse employment action within the scope of the Act. Docket No. 1, ¶ 34. The Court disagrees. Plaintiff's non-selection for this position did not change or alter Plaintiff's job responsibilities. Moreover, his selection would not have altered the conditions of his employment because it would

**CIVIL NO.** 22-1553 (JAG)                                                                                                  6

not have resulted in any change in title, grade, or compensation.[2] *See* Docket No. 19-5 at 4. Therefore, the non-selection for this position does not constitute an adverse employment action within the scope of the Rehabilitation Act.

A failure to promote claim also fails. To establish such a claim, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was not hired despite his qualifications; and (4) the position remained open or was given to someone with similar qualifications outside the protected class. *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 13 n.9 (1st Cir. 2015). Plaintiff's claims that he "was fully qualified for the collateral duty because he has military experience, all necessary training, and all FEMA courses." Docket No. 1, ¶ 30. However, Plaintiff has failed to establish that he is a member of a protected class—namely that he has a disability, as discussed above—and that the position remained open or was given to someone with similar qualifications. Moreover, Plaintiff has not alleged that he met the qualifications listed in the job announcement for this position.

Plaintiff has failed to nudge his discrimination claim from conceivable to plausible and, thus, Plaintiff's disability discrimination claim is hereby **DISMISSED WITH PREJUDICE**.

II. **Retaliation under the Rehabilitation Act**

A retaliation claim under the Rehabilitation Act requires a showing that the plaintiff (1) engaged in conduct protected under the statute; (2) suffered a materially adverse action; and (3) the adverse action was causally linked to the protected activity. *Alvarado v. Donahoe*, 687 F.3d 453, 458 (1st Cir. 2012). "Unlike the substantive antidiscrimination provision of [the statute], the

---

[2] Plaintiff claimed that this "collateral duty [] ha[d] the effect of increasing Plaintiff's income." Docket No. 1, ¶ 28.

**CIVIL NO.** 22-1553 (JAG) 7

antiretaliation provision covers all employer actions that would have been materially adverse to a reasonable employee, defined as actions that are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Ahern v. Shinseki*, 629 F.3d 49, 55 (1st Cir. 2010) (cleaned up).

Plaintiff claims that he received a lower performance evaluation and was not selected for the Crisis Support Team in retaliation for his 2018 EEO complaint. However, Plaintiff alleges that his 2018 EEO complaint related to the release of his medical information. Docket No. 1, ¶¶ 15, 32, 34. Plaintiff does not allege that the EEO complaint made any claims of discrimination. More importantly, Plaintiff was not disabled at the time of the 2018 complaint and, thus, could not have a complaint of disability discrimination at the time. "The term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination." *Fantini v. Salem State Collage*, 557 F.3d 22, 32 (1st Cir. 2009). Therefore, the 2018 EEO complaint does not constitute conduct *protected under* the Rehabilitation Act.

Even if Plaintiff's 2018 EEO complaint constituted protected activity, Plaintiff still fails to sufficiently allege that he suffered a materially adverse action that was causally linked to the protected activity. Neither the performance evaluation nor the non-hiring for the Crisis Support Team affected Plaintiff's employment or alter the conditions of the workplace. He did not receive a negative performance evaluation; the evaluation stated that he exceeded expectations, which is one step lower than his prior "Outstanding" evaluation. *See* Docket No. 1, ¶ 20. More importantly, the employer later changed the evaluation to "Outstanding." *Id*. ¶ 27. And Plaintiff's non-selection for the Crisis Support Team position did not change or alter Plaintiff's job responsibilities, nor would his selection have altered the conditions of his employment. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006) ("The antiretaliation provision protects an individual not from

CIVIL NO. 22-1553 (JAG) 8

all retaliation, but from retaliation that produces an injury or harm."); *see also Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 40 (1st Cir. 2011) ("To establish an adverse employment action, Colón must show she suffered material harm.").

Lastly, Plaintiff has failed to adequately allege that the 2018 EEO complaint was causally linked to employer actions that occurred in 2021. Considering that Plaintiff's injury occurred in September 2020, Plaintiff could not have complained about disability discrimination in 2018. Therefore, he did not engage in conduct protected under the Rehabilitation Act in 2018 and, consequently, could not have suffered an adverse employment action linked to protected activity. "Causation moves forward, not backwards, and no protected conduct after an adverse employment action can serve as the predicate for a retaliation claim." *Henderson v. Mass. Bay Transp. Auth.*, 977 F.3d 20, 40 (1st Cir. 2020). "Temporal proximity only supports an inference of causation when the record shows that the decisionmaker knew of the . . . protected conduct when he or she decided to take the adverse employment action." *Id.* Such is not the case here.

Plaintiff's Complaint failed to plead sufficient facts to state a viable retaliation claim under the Rehabilitation Act and, thus, Plaintiff's retaliation claims are hereby **DISMISSED WITH PREJUDICE**.

### III. State Law Claims

Finally, Plaintiff's claim under Puerto Rico's general tort statute must be **DISMISSED WITH PREJUDICE** because the conduct alleged is covered under specific federal and state labor statutes. *See Diaz-Alvarez v. Ramallo Bros. Printing*, 2017 WL 1277471, at *2 (D.P.R. Mar. 24, 2017) ("An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on

**CIVIL NO.** 22-1553 (JAG)                                                                                                    9

tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked.");

*Santini Rivera v. Serv. Air, Inc.*, 137 D.P.R. 1, 1994 JTS 121, 527 P.R. Offic. Trans. (Sept. 12, 1994).

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** the Motion to Dismiss. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, July 18, 2024.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
